FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 FEB -1  PM 4: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WILLIAM J. WYNN, ex relator, State of Alabama, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CV 98-BU-1597-S |
| PHILIP MORRIS INC., et al., | ) ) ) | ENTERED |
| Defendants. | ) ) | FEB 0 1 1999 |

## Memorandum Opinion

This cause comes on to be heard on a motion to dismiss on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed by the defendants, Philip Morris Incorporated, R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation and Lorillard Tobacco Company, on November 6, 1998. In their motion, the defendants argue that plaintiff, William J. Wynn ("Wynn"), fails to state a claim in his *quo warranto* action and has failed to satisfy the jurisdictional prerequisites to filing a *quo warranto* action. The plaintiff responds that the motion of the defendants is untimely under Federal Rule of Civil Procedure 12(c), that he can state a *quo warranto* action and that he adequately satisfied the jurisdictional prerequisites of filing a *quo warranto* action.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, — F.3d —, —, 1998 WL 909888 at *2 (7th Cir. 1998). The court reviews a motion for judgment on the pleadings under the same standard that it reviews a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b). Thus, in assess in the motion for

29

judgment on the pleadings based upon failure to state a claim, the "court must accept all of the facts in the complaint as true, granting the motion only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Miller v. U.S. Dept. of Agriculture Farm Services Agency*, 143 F.3d 1413, 1414 (11th Cir. 1998).

### Facts

On May 27, 1998, the plaintiff, Wynn, filed in the Circuit Court of Jefferson County, Alabama, a *quo warranto* proceeding under § 6-6-590 of the Alabama Code of 1975 on behalf of the State of Alabama against the defendants to revoke the corporate charters of the defendants because of alleged violations of the Alabama Constitution and Alabama statutes in the defendants' sale of tobacco products. The defendants removed the case to federal court on June 22, 1998, averring that the district court had diversity jurisdiction over the instant action under 28 U.S.C. § 1332. On November 23, 1998, the court denied the plaintiff's motion to remand. After the defendants filed their motion to dismiss, the plaintiff amended his complaint to change all references in his complaint to revocation of the defendants' corporate charters to revocation of their "certificates of authority."

### Contentions & Analysis

The plaintiff first contends that the instant motion is untimely under Federal Rule of Civil Procedure 12(c) because the pleadings have yet to close. Courts have interpreted the phrase "[a]fter the pleadings are closed" to mean "after a complaint and answer have been filed in the absence of a counterclaim, cross-claim, third-party complaint or order requiring a reply to an answer." *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, — F.3d at —, 1998 WL 909888 at *2. As stated in Wright & Miller's Federal Practice and Procedure:

> A motion for a judgment on the pleadings may be made at any time after the pleadings are closed, subject to the rule's express proviso that a hearing on the motion will not result in a delay of the trial. Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and answer, unless a counterclaim, cross-claim, or third-party claim is interposed. . . .

5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 512-13 (1990). All of the parties except Lorillard Tobacco Company filed their answers to the

plaintiff's complaint on June 22, 1998; Lorillard Tobacco Company filed its answer on June 24, 1998. At that time, the pleadings closed and, therefore, the motion for judgment on the pleadings is timely.

The defendants contend that the plaintiff's *quo warranto* action should be dismissed because, according to them, "*quo warranto* actions for revocation of corporate charters are appropriate only where a plaintiff has alleged some corporate misconduct that 'defeats the very purpose' of the corporation's creation."[1] Defendants' Brief in Support of Motion for Judgment on the Pleadings at 4. The plaintiff disputes this, instead arguing that a *quo warranto* action can be maintained to revoke a franchise of a corporate entity, such as a certificate of authority, where the corporate entity abuses the franchise.

The Alabama Supreme Court, in *State ex rel. Johnson v. Southern Building & Loan Association*, 31 So. 375, 376, 122 Ala. 50 (Ala. 1902), stated:

> While an information in the nature of a quo warranto is generally recognized as the appropriate proceeding for testing the right to exercise corporate functions, and as the proper corrective for misuser or nonuser or abuse of corporate franchises, it is not for the commission of every act ultra vires that a charter will be declared forfeited. The abuse must be willful, continued, and *relate to the essence of some franchise granted*.

(Emphasis added.)

In *State ex rel. Weatherly v. Birmingham Waterworks Company*, 64 So. 23 (Ala. 1913), the Birmingham Waterworks Company had been charged with failure to perform several duties, both stated and implied by its corporate charter, and the plaintiff sought revocation of the defendant's franchise contracts. On an appeal to the Alabama Supreme Court, it stated that, with some modification the action could proceed. The Court explained, and in so doing elaborated on what would constitute abuse relating to "the essence of some franchise granted":

---

[1] The defendants argue, in addition, that the action should be dismissed because the plaintiff has failed to commence the instant action under the relevant statutory provision, § 6-6-591 of the Alabama Code of 1975, which relates to the usurpation, intrusion into, or unlawful holding or exercise of a franchise. The plaintiff states that its action can be brought pursuant to § 6-6-590, which pertains to the revocation of corporate charters or the annulment of a corporation's existence.

Also, the defendants argue, the plaintiff has failed to meet the strict pleading requirements of a *quo warranto* action and, therefore, such action should be dismissed. The plaintiff fails to respond to this charge.

While the defendants have the better of the argument on both matters, insofar as the determination of the proper statute and the pleading requirements under Alabama law are concerned, the mere failure of the plaintiff not to properly plead the statute under which it proceeds and not to give the actions factual predicates in detail are not sufficient reasons to dismiss the case. The general principle of pleading in federal court is "notice pleading," i.e., such pleading as is sufficient to put the defendants on notice with what they are charged. *See Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). Misnomer of one's action is not a fatal flaw; such mistakes are easily resolved during the early stages of litigation. *See id.* **Nonetheless, the plaintiff should correct the errors and ambiguities in his pleading, if only to present a clearer indication of specific acts of the defendants that allegedly require revocation of the defendants' certificates of authority.**

It is certain that the remedy at common law embraced the annulment or revocation of franchises for their abuse, independently of the forfeiture of corporate charters; and it is certain also that a right of action on that ground can be traced, if it now exists, only to the language of subdivision 1 of section 5453. It is, of course, to be conceded that the argumentum ab inconvenienti can never justify a court in stretching the language of a statute beyond its reasonable import in response to supposed necessity. But, nevertheless, that argument may weigh heavily in the judicial choice of a liberal rather than a narrow interpretation, and may justify, and even demand, the adoption of the broadest interpretation that is consistent with reason. To quote an eminent commentator on this subject: "When the remedy by information in the nature of quo warranto has been regulated by legislative enactments, these enactments are regarded by the courts as in the nature of remedial statutes, to which a strict construction is not to be applied. In such cases the usual rules of construction of remedial statutes are held applicable, and the courts will so construe them as to promote and render effective the remedy sought." High on Ex. Leg. Rem. § 622.

The language here in question is: "When any person usurps, intrudes into, or unlawfully holds or exercises *** any franchise within this state." In view of the manifest purpose of the Legislature in the enactment of our several statutes on this subject, it is not a strained interpretation of the phrase "unlawfully exercises" to give to it a broader meaning than its prior alternative "usurps," and to hold that it comprehends the unlawful use or abuse of an actually existing franchise, and not merely the unauthorized assumption of one. This, it is to be observed, acquits the Legislature of the inexplicable folly of renouncing for the state its unquestionable right to proceed against corporations for the forfeiture by abuse of particular franchises, without at the same time taking the life of the corporation, and of renouncing also its right to forfeit such franchises in individuals in any case — for section 5450 applies only to corporations — and, finally, of immunizing against this important and vital remedy all foreign corporations holding and exercising franchises within this state, however they might abuse them. All of these results would follow the construction contended for by respondent. We are satisfied the Legislature did not intend such results, and do not doubt that the language of the statute was intended to embrace, and is broad enough to embrace, actions for the forfeiture of franchises for abuses of sufficient gravity to justify such judicial action.

\* \* \*

Turning now to the substance of the charges presented by the information, we state the following conclusions: (1) Specifications A to I, inclusive, and Q, R, S, and U sufficiently and clearly charge that the water actually supplied by respondent to its consumers was not wholesome. This charges not only a violation of the most vital requirement of the franchise ordinance, but a violation also of the charter itself; for water which is not wholesome is certainly not "good and pure." Obviously, the vice of respondent's conduct in this particular must be determined in view of all of its derelictions, since willfulness and persistency therein must be the basis for the judicial action sought.

(2) Neglect, though willful, to supply any particular persons with water, is not an offense on the part of respondent, unless it amounts to a refusal to do so upon reasonable and proper demand. Hence specifications J, K, and L show no breach of duty by respondent. Properly amended, they might unquestionably charge offenses so willful, so numerous, and so repeated as to show prima facie a good cause of action.

(3) The duty of supplying water to the fire hydrants located on its mains with sufficient pressure for their reasonable use is, of course, necessarily implied from the general specifications of the ordinance. But we do not think that the mere willful neglect to supply six of these hydrants with sufficient water pressure, in the absence of circumstances of abuse or aggravation, is alone sufficiently vital to authorize a forfeiture of the franchise.

> *Neverthless, we think that all willful breaches of clear duty may in combination be properly considered upon the general question of willful and persistent abuse of the franchise; and may, if sufficient in number and gravity, justify a forfeiture*--a conclusion to be reached, however, upon a trial on the facts, and not upon a consideration of the pleadings merely.
>
> (4) *Where a duty or restriction is not expressed in terms, and does not arise by clear and necessary implication, a violation thereof cannot be fairly regarded as a willful and culpable breach of duty if done in good faith under claim of right.* The proper course in such cases is to test the right of the matter by other appropriate remedial action; and, if the judgment of the court establishes the duty adversely to the service company, thereafter a willful breach would be culpable in the sense now under discussion.

*Id.* at 29-30 (emphasis added). The defendants, in their motion, have not contended that they have not committed any of the actions broadly enumerated in the plaintiff's complaint. The court will, therefore, only for purposes of the instant argument, assume that the allegations are true. The issue, then, is whether the undertaking of any of these acts constitutes a willful and culpable breach of an express duty or a duty necessarily implied by the grant of the franchise. At present, given the limited nature of the pleadings and the paucity of argument on what precisely these pleadings entail, the court is unable to determine whether any of the defendants' acts justify revocation of the defendants' certificates of authority. Accordingly, the plaintiff shall amend his complaint to allege the breaches of defendants' duties with sufficient specificity that a subsequent motion to dismiss or motion for judgment on the pleadings can be evaluated.

The court agrees with the defendants that the plaintiff was required to post security for the costs of the instant action. The plaintiff did not in his judicial capacity enter an order directing another attorney to institute the instant action nor did he post the requisite security. Although failure to comply with § 6-6-591(b) would otherwise deprive this court of jurisdiction, rather than dismissing this case without prejudice and requiring the plaintiff to re-file his complaint, the court will give the plaintiff ten (10) days in which to reform his complaint in accordance with the court's specifications and provide security to this court for the costs of the instant action. *See M.G.B. Homes, Inc,. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990) (permitting amendment of complaint to permit jurisdictional prerequisites of copyright case to be satisfied in order to prevent needless excess litigation, although dismissal was an appropriate course of action) . **Failure to do so will result in dismissal of the instant action.**

## Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings is DENIED, in part. Plaintiff will file an amended complaint and give security within ten (10) days of entry of this order in conformance with this opinion. Failure to do so will result in dismissal of this action.

DONE and ORDERED this 1st day of February 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE